JUSTICE HUNT,
dissenting:
I dissent. The State bore the burden of proving beyond a reasonable doubt that the complaining witness did not consent to sexual intercourse with the defendant. To bolster its case, the State solicited testimony regarding the credibility of the complaining witness. Because of the potentially tremendous impact of this testimony, I cannot join the majority’s conclusion that the error did not contribute to the jury verdict.
Whether an error is harmless depends on a number of factors, each of which should be- carefully analyzed by the reviewing court. These factors include:
1) the nature of the error;
2) the importance of the erroneously admitted evidence to the State’s case; and
3) the presence or absence of corroborating untainted evidence. Cf. Delaware v. Van Arsdall (1986), 475 U.S. 673, 106 S.Ct. 1431, 89 L.Ed.2d 674 (listing factors to be considered in determining harmlessness of error involving Sixth Amendment right of confrontation); Satterwhite v. Texas (1988), 486 U.S. 249, 108 S.Ct. 1792, 100 L.Ed.2d 284 (psychiatrist’s testimony in violation of Sixth Amendment right to counsel was not harmless when the testimony regarding defendant’s dangerous propensity was critical to sentencing, when only one psychiatrist testified on the issue and when the State placed significant weight on the testimony).
The nature of the error committed in this case directly implicated the ultimate issue to be determined at trial, that is, whether the complaining witness consented to sexual intercourse with the defendant. Thus, the expert’s testimony regarding the credibility of the complaining witness improperly invaded the province of the jury. Furthermore, the testimony was material to the State’s case. The State actively solicited the testimony and the State relied upon it in closing. Moreover, the untainted evidence corroborated not only the State’s case, it corroborated the defendant’s theory of the case as well, that is, that the violent acts did not occur until after a consensual sexual encounter.
The overwhelming evidence test used in this opinion places the majority in the uncomfortable position of factfinder, forcing the majority to reweigh and, to some extent, mischaracterize the evidence. *119 For example, the physician who examined the complaining witness testified that, although not common, her condition could possibly have resulted from consensual sexual relations. The majority, however, claims that her condition was “clearly inconsistent” with consensual intercourse.
By concentrating solely on the weight of the evidence and ignoring the nature of the error and the error’s importance to the State’s case, the majority examines the impact of the error in a vacuum. The issue before the jury was whether the complaining witness engaged in consensual sexual relations with the defendant. To reach a verdict, the jury weighed the credibility of the witnesses. Among the evidence the jury had before it was the testimony of a highly quali - fied expert witness who asserted that he believed that the complaining witness was credible. This testimony was solicited by the State and extensively relied upon by the State in closing. Under these circumstances, I cannot agree with the majority that, beyond a reasonable doubt, the expert testimony did not contribute to the jury verdict.
I would remand the case to the District Court for a new trial.
JUSTICE SHEEHY concurs in the foregoing dissent.